UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA CONDE DE GRANADOS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-03713-GJS<br><br>MEMORANDUM OPINION AND ORDER |

## I.   PROCEEDINGS

On May 17, 2015, Plaintiff Aurora Conde De Granados ("Plaintiff") filed a Complaint seeking review of a decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI").  On October 13, 2015, the Commissioner filed an Answer to the Complaint and lodged the Administrative Record ("AR").  On November 2, 2015, Plaintiff filed an Opening Brief in support of her Complaint. On December 28, 2015, the Commissioner filed a Memorandum in Opposition ("Opposition").  Plaintiff did not file a reply brief.  The parties have consented to

proceed before the undersigned Magistrate Judge. Thus, this matter is submitted and ready for decision.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS

Plaintiff applied for SSI, alleging disability since April 23, 1999, due to fibromyalgia, depression, lumbar degeneration, anxiety, sleep disorder, and right shoulder strain. (Administrative Record ("AR") 177). Plaintiff's application was denied initially and on reconsideration. (AR 109). Administrative Law Judge ("ALJ") Zane Lang held a hearing on July 11, 2013, and issued an unfavorable decision on July 17, 2013. (AR 20-41).

The ALJ determined that Plaintiff suffered from the severe impairments of fibromyalgia, partial amputation of the right dominant middle and index fingers, right shoulder sprain, mood disorder, and psychological factors affecting her medical condition. The ALJ also found, however, that none of these impairments, alone or in combination, met or equaled a listing. (AR 24-25, ¶¶2-3). The ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work with the following limitations:

> [T]he claimant can stand/walk for six hours in an eight-hour workday, can sit for six hours in an eight-hour workday, can frequently engage in overhead reaching with her right upper extremity, can frequently engage in handling and fingering with her dominant right upper extremity, should have no public contact, and can occasionally interact with supervisors and co-workers.

(AR 29, ¶4). With this RFC, based on the testimony of a Vocational Expert, the ALJ found that Plaintiff was capable of performing work that exists in significant numbers in the national economy and was therefore not disabled.

The Appeals Council denied Plaintiff's request for review. (AR 1-7).

2

Plaintiff raises a single claim of error here, *i.e.*, that the ALJ improperly rejected the opinion of Dr. Warren Procci, a treating psychiatrist, and requests that the Court remand for the payment of benefits, or, in the alternative, for further proceedings. ("Motion"). The Commissioner asserts that the ALJ's weighing of the evidence was legally proper and fully supported by the record, and requests that the Court affirm the ALJ's decision. ("Opposition").

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The "evidence must be more than a mere scintilla but not necessarily a preponderance." *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).

### IV. DISCUSSION

**The ALJ Provided Specific and Legitimate Reasons for Assigning Dr. Procci's Opinion Limited Weight.**

Plaintiff contends that the ALJ erred by failing to articulate valid reasons for rejecting the opinion of one of Plaintiff's treating physicians, Dr. Warren Procci, M.D. (Motion at 4, 7-10). Specifically at issue is a July 1, 2013, "Mental Assessment" completed by Dr. Procci in which he checked boxes concluding that Plaintiff had "marked limitations" in the ability to maintain attention and concentration for an extended period; maintain regular attendance and be punctual within customary tolerances; complete a normal work-day and work-week without

3

interruption; and travel to unfamiliar places or use public transportation. (AR 373-78). For the reasons stated below, the Court affirms the decision of the Commissioner.

To reject the uncontradicted opinion of a treating physician, the ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the opinion if he provides "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31; *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).

In this case, Dr. Procci's July 2013 conclusions are contradicted by some of the other medical source evidence. As discussed further below, the June 2012 evaluation of consultative examining physician Dr. Erhart found some severe limitations, but also concluded that Plaintiff had an "intact ability" to perform the mental tasks required to function in a normal workplace environment. (AR 34, citing Ex. 2F (AR 252-58)). Thus, the Court looks to see whether the ALJ provided specific and legitimate reasons to treat Dr. Procci's opinion as he did.

The ALJ met his burden here with a detailed review of Plaintiff's various mental status evaluations. Dr. Procci was one of several physicians from Bloch Medical Clinic who saw Plaintiff at various times during the period from 2009 to 2013. The ALJ discussed the medical records from these visits – including those of Dr. Procci – noting that they showed "consistent diagnoses of major depressive disorder and psychological factors affecting medical condition," and that Plaintiff was undergoing psychotherapy and taking prescription medications, including

4

Prozac and Ativan. (AR 31). The notes referred to Plaintiff as a "very depressed person" in June 2013, because her son was killed in a vehicle accident the month prior, but had previously noted that the prescribed medications had been helpful. *Id.* Overall, the ALJ characterized the treating notes as "minimal," *id.,* an assessment with which the Court agrees.

The ALJ discussed Dr. Procci's assessment of Plaintiff elsewhere in his opinion as well. In evaluating whether Plaintiff had anxiety that rose to the level of a severe impairment, the ALJ – finding no such severe impairment – noted that none of Plaintiff's treating physicians, including Dr. Procci, had diagnosed her with anxiety disorder at any time during the alleged period of disability. (AR 25).

With respect to Dr. Procci's July 1, 2013, Medical Assessment, the ALJ properly characterized it as an opinion rendered on a "check box form." On its face, the form does not provide any explanation for its conclusions, and makes no specific reference back to any of the treating notes or evaluations, by date or otherwise. (AR 374-78). In assigning the July 1, 2013, opinion "limited weight" (notably, the ALJ did not reject the opinion completely, as he did with those of other medical source opinions (AR 34)), the ALJ stated that Dr. Procci's opinion was "conclusory," "rendered by checking boxes on a form, [was] not accompanied by any rationale or supporting evidence," and was therefore "of limited value in the adjudication of the claimant's disability status in the instant case." (AR 28). *See Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (ALJ may reject "check-the-box reports" that do not explain bases for their conclusions) (citing *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Having reviewed the entirety of the record, the Court agrees with the ALJ's assessment of the form opinion. The conclusory nature of the opinion provides the necessary specific and legitimate reason for assigning Dr. Procci's opinion limited value.

The ALJ also noted that the form was "prepared as part of a workers

compensation litigation," which may be – and is in this case – a proper consideration that further supports the ALJ's reasoning. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). Finally, the ALJ noted that Dr. Procci's findings were "not supported by the June 2012 findings of consultative examiner Stephen Erhart, M.D., nor the medical record taken as a whole."[1] (AR 28). The ALJ discussed Dr. Procci's findings and the limited value of his July 1, 2013 conclusions again at page 34 of his opinion, providing essentially the same reasons for assigning those findings limited value in his overall assessment.

      The ALJ's opinion contains specific and legitimate reasons for its partial rejection of Dr. Procci's July 2013 Medical Assessment. Plaintiff, therefore, fails to demonstrate reversible error.

//
//
//
//
//
//
//
//
//
//

---

[1] The ALJ contrasted the "minimal specific evaluations" of "the claimant's capacity to function" in the Bloch Medical treating records to the "specific information and evaluation" provided by the June 2012 report of psychological consultative examiner Stephen Erhart, M.D., a board certified psychiatrist. The ALJ noted that Dr. Procci's July 2013 Medical Assessment was not supported by Dr. Erhart's 2012 evaluation. (AR 28).

## V. ORDER

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner of the Social Security Administration is AFFIRMED;

(2) this action be DISMISSED WITH PREJUDICE; and

(3) that Judgment be entered in favor of the Commissioner.

**IT IS HEREBY ORDERED.**

DATED: January 27, 2016   _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE